IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:14cv884 |
| WILLIAM MORRISON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Arthur Williams, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are TDCJ-CID Officers William Morrison and Rutillio Callabero.

**I. Background**

Williams asserts that on October 11, 2012, he was supposed to be placed on a medical bus going from the Beto Unit to the Byrd Unit. He told Morrison, a transportation officer, that he had a "single man cuff pass," which allowed him to be handcuffed alone for medical reasons.

When Williams showed Morrison the pass, the officer became angry and cursed at him. Morrison then grabbed his arm and jerked it several times while trying to handcuff Morrison to other prisoners, dislocating Williams' shoulder. Williams asked for medical attention but Morrison denied it. Williams then asked Officer Callabero, who witnessed the entire incident, to be allowed to go to the medical department, but Callabero denied this request. Williams rode to the Byrd Unit in pain and told officers there about the incident when he arrived. He then received medical care.

1

According to Williams, he filed Step One grievance no. 2013026670 about this incident on October 16, 2012, and then filed Step One grievance no. 2013042759 about the incident on November 6, 2012. He stated that he filed a Step Two grievance appeal of no. 2013042759 on January 14, 2013, but this appeal was never returned to him.

**II. The Defendant's Motion for Summary Judgment and the Plaintiff's Response**

Morrison answered the lawsuit and filed a motion for summary judgment based on failure to exhaust administrative remedies. Morrison asserted that grievance no. 2013026670 was returned unprocessed as illegible or incomprehensible and because it sought inappropriate relief, in that Williams asked that charges be filed against Morrison.

Grievance no. 2013042759 complained about the incident and the response was that Williams presented an altered lay-in which was not a medical pass and there was no evidence showing that Morrison acted inappropriately. This response was returned to Williams on December 6, 2012. According to Morrison, there is no record that Williams filed a Step Two appeal of this grievance.

In his response, Williams again contended that he filed a Step Two appeal of grievance no. 2013042759 on January 14, 2013, which was never returned to him and that in any event, grievance no. 2013026670 was completely exhausted. He maintained that he diligently pursued his administrative remedies and states that he should not be held accountable because the prison staff lost or misplaced his grievance appeal.

Williams points to two other grievances which he filed, no. 2013121257 and 2013088836. In grievance no. 2013121257, Williams complains that his grievances are being lost. The response stated that Williams was interviewed by a unit grievance investigator named Peacock and told that he had not filed a Step Two appeal on no. 2013042759, and that two other grievances which he filed were screened (returned unprocessed) appropriately. He filed a Step Two appeal of this grievance and the response stated that there was no record of receiving a Step Two appeal on no. 2013042759.

Grievance no. 2013088836 complained about the use of force incident and was returned unprocessed because it was redundant to no. 2013042759.

Morrison argued in his reply to this response that even if a Step Two appeal was filed, Williams stated that he filed this appeal on January 14, 2013, which was out of time, and thus would not have exhausted his administrative remedies.

### III. The Report of the Magistrate Judge

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. The Magistrate Judge observed that prisoners are required to exhaust available administrative remedies before filing suit and that proper exhaustion is required, meaning that the prisoner must comply with all administrative deadlines and procedural rules. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). Grievances must be pursued through all levels of the process to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The summary judgment evidence showed that Williams' first grievance about the incident, no. 2013026670 was returned unprocessed for procedural violations, in that it was illegible or incomprehensible and sought inappropriate relief. He also filed a later grievance, no. 2013088836, which was returned unprocessed because it was redundant to no. 2013042759. The Magistrate Judge observed that grievances which are returned unprocessed for procedural violations do not exhaust a prisoner's administrative remedies, and a prisoner's claim that prison officials improperly processed his grievance also does not excuse the exhaustion requirement. In addition, the Magistrate Judge stated that a Step Two appeal cannot be filed from a Step One grievance which was returned unprocessed. In any event, Williams did not allege that he filed a Step Two appeal from grievance no. 2013026670, which thus cannot serve to exhaust his administrative remedies.

Instead, Williams filed another Step One grievance about the incident, no. 2013042759. This grievance was processed and a response given to him on December 6, 2012. Williams claimed that he filed a Step Two appeal from this grievance, but the prison records contain no record of such an appeal.

The Magistrate Judge stated that conclusory allegations that a prisoner filed grievances which were not answered are insufficient to evade the exhaustion requirement. Thus, Williams' unsubstantiated claim that he filed an appeal of grievance no. 2013042759 was not sufficient to show that he had exhausted his administrative remedies.

Even if Williams' assertion is taken as true, however, the Magistrate Judge determined that he still failed to show proper exhaustion of administrative remedies. Grievance no. 2013042759 was returned to Williams on December 6, 2012, and he claimed that he filed his Step Two appeal on January 14, 2013. TDCJ regulations require that a Step Two appeal be filed within 15 days of the return of the grievance, meaning that Williams missed the deadline by over three weeks. *See* TDCJ Offender Orientation Handbook, p. 74 (stating that prisoners "have 15 days from the 'date returned to the offender' noted in the 'OFFICE USE ONLY' box on the front of the grievance form to submit the Step 2 to the grievance investigator in the unit.") Because Williams did not properly exhaust his administrative remedies in that he failed to comply with the deadlines even if he did file a Step Two appeal as he alleged, the Magistrate Judge determined that Morrison's motion for summary judgment was meritorious.[1]

**IV. Williams' Objections to the Report**

Williams' objections to the Magistrate Judge's Report read, in their entirety, as follows:

The Plaintiff Arthur Williams, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding pro se, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights.

---

[1] Although Callabero did not join in Morrison's motion for summary judgment, the Magistrate Judge concluded that this motion operated to Callabero's benefit as well. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

The lawsuit has been referred to the United States Magistrate Judge. The named defendants are Officers William Morrison and Rutillio Callabero. Plaintiff now files his objections to the Magistrate's Report.

In this case, defendants filed their summary judgment motion arguing that Plaintiff failed to exhaust his administrative remedies to satisfy the exhaustion requirement. Plaintiff argues that he submitted several grievances complaining of the alleged violations. Some of these grievances were lost or misplaced by the Grievance Committee and never returned to Plaintiff. Plaintiff has admitted several copies of his grievances to show that he has attempted to exhaust his administrative remedies. He has also asserted that some of these grievances were lost by officials while he was on medical chain and gone from the prison unit. Plaintiff has brought this problem to prison staff and the court. While being gone from the prison on medical chain, his grievances are not being returned to him and staff are losing his grievances.

The fact that Plaintiff has filed so many grievances trying to address this matter should be considered in this matter. Plaintiff also respectfully request that if his complaint is dismissed for failure to exhaust that he be allowed to exhaust his administrative remedies and re-file his complaint. In other words, dismiss his complaint 'with [sic] prejudice.'

**V. Discussion**

Williams filed a total of three grievances about the incident, these being no.'s 2013042759, 2013026670, and 2013088836. Of these, the first was answered at the Step One level and the other two were returned unprocessed. The Magistrate Judge properly determined that grievances which are returned unprocessed do not exhaust administrative remedies. *Robinson v. Wheeler*, 338 F.App'x 437, 2009 U.S. App. LEXIS 16519 (5th Cir., July 24, 2009).

Williams properly filed his Step One grievance no. 2013042759 about the incident, but the summary judgment evidence shows that he did not file a Step Two appeal. As such, this grievance also did not serve to exhaust his administrative remedies. *Johnson*, 385 F.3d at 515.

Williams contends that he did file a Step Two grievance appeal, but that it must have been lost or misplaced. The Magistrate Judge correctly determined that conclusory allegations that a prisoner filed a grievance which was not answered are not sufficient to show exhaustion. *Kidd v. Livingston*, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970 (5th Cir., February 28, 2012); *see also Boudreaux v. Swift Transportation Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (litigant cannot oppose summary judgment with conclusory allegations or unsubstantiated or speculative assertions).

5

Even had Williams filed a Step Two appeal as he stated, he concedes that he filed it on January 24, 2013, well after the 15-day deadline in which to do so. The Magistrate Judge observed that as such, the Step Two appeal could not have exhausted Williams' administrative remedies because proper exhaustion requires following the rules and deadlines of the grievance procedure. *Dillon*, 596 F.3d at 268. Williams did not object to this finding.

Instead, he argues that the fact he filed a number of grievances about the incident should be taken into consideration. However, the summary judgment evidence shows that he did not properly complete the exhaustion procedure with regard to the alleged use of force incident forming the basis of the lawsuit. Grievance no. 2013121257 did not complain about the use of force incident but about how Williams' grievances were being processed. The Magistrate Judge correctly determined that Williams failed to exhaust his administrative remedies. Williams' objections are without merit.

Williams also asks that if the lawsuit is dismissed for failure to exhaust, such dismissal should allow him to re-file after the process of exhaustion is complete.[2] The Fifth Circuit has stated that

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled—that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing Underwood's action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds in *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). In the same way, Williams sought federal court intervention in prison affairs before the prison officials had the opportunity to address his complaint within the grievance procedures. Dismissal with prejudice for purposes of proceeding *in forma pauperis* is therefore appropriate.

---

[2]Williams refers to this as a "dismissal with prejudice," but such a dismissal bars the plaintiff from refiling. A dismissal without prejudice leaves the plaintiff free to re-file the lawsuit. *See, e.g., Lambert v. U.S.*, 44 F.3d 296, 298 (5th Cir. 1995).

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 34) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant's motion for summary judgment (docket no. 31) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
**Sep 2, 2016**

_____
Ron Clark, United States District Judge